UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Ronald Payne, | ) C/A No. 4:13-2796-JMC-TER |
|---|---|
| Petitioner, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| United States of America;<br>Warden, USP 1-Coleman, | ) |
| Respondent. | ) |

Ronald Payne ("Petitioner") is a federal prisoner, currently incarcerated at USP 1-Coleman, a federal penitentiary located in Coleman, Florida, serving a sentence entered by this Court in Criminal Case No. 3:01-506-JFA. He filed this "sentencing credit" case pursuant to 28 U.S.C. § 2241 from his current place of confinement in Florida. The federal judicial district in which USP 1-Coleman is located is the Middle District of Florida.

Although Petitioner wrote "United States of America" in the caption of his pleading in the location where the petitioner's name should placed and his own name in the location for the respondent, the Clerk of Court has been directed to add the Warden of USP 1-Coleman to the docket as a Respondent in this case. The Warden is the only proper Respondent in this case because it is well settled that a prisoner's custodian (generally, the warden of the institution where the prison is confined) is the proper respondent in a habeas corpus action. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Talbot v. State of IN.*, 226 F.3d 866, 870-71 (7th Cir. 2000)(citing Rule 2(a) and (b) of the Rules Governing Section 2254 Cases in the United States District Courts); *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). In *Vasquez v. Reno*, 233 F.3d 688 (1st Cir. 2000), the court found

that the Attorney General of the United States was not the proper respondent for an alien facing imminent deportation by the INS, and commented:

> Although clearly articulating the baseline requirement of jurisdiction over the custodian, the Braden Court provided limited guidance for determining the identity of the custodian in any given case. Other Supreme Court precedents are equally inscrutable on this point. The courts of appeals have been more forthcoming. They have held with echolalic regularity that a prisoner's proper custodian for purposes of habeas review is the warden of the facility where he is being held. * * * The warden is the proper custodian because he has day-to-day control over the petitioner and is able to produce the latter before the habeas court.

*Id*. at 690-91. Because the United States of America is not a proper respondent in this case, the Petition should be dismissed as to this Respondent.

Furthermore, under established precedent, a § 2241 petition or a § 2254 petition, whether filed by a state or federal prisoner, must be filed in the judicial district which can acquire *in personam* jurisdiction of a petitioner's custodian. *See Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 494-500 (1973); *Rheuark v. Wade*, 608 F.2d 304, 305 (8th Cir. 1979); *Cox v. Fed. Bureau of Prisons*, 643 F.2d 534, 536 & n. 3 (8th Cir. 1981). This Court, a federal court within the State of South Carolina, cannot obtain *in personam* jurisdiction over Petitioner's custodian, because, as previously noted, Petitioner's current custodian and the only proper Respondent in this case is located in the Middle District of Virginia, and is only subject to service in that District. *See Norris v. Georgia*, 522 F.2d 1006, 1010-14 & nn. 7-15 (4th Cir. 1975)( "[a]bsent such authorization by a specific federal statute, the court has 'no blanket authority to enter an order for substituted or personal service outside of the state in which it is sitting.'"). As a result, this case should be transferred to that court for further processing. No recommendation on the merits of the Petition is made herein.

## **RECOMMENDATION**

Accordingly, it is recommended that the United States District Court of South Carolina dismiss this case without prejudice as to Respondent United States of America. It is further recommended that this Court then transfer this case to the United States District Court for the Middle District of Florida.

Petitioner's attention is directed to the notice on the next page.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

October 30, 2013
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).